IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUZANNE S. REYNOLDS, as wife of Douglas B. Reynolds, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant. | **8:18CV303**<br><br>**FINDINGS, RECOMMENDATION AND ORDER** |

This FELA action was filed on June 27, 2018, by Suzanne S. Reynolds, described in the complaint as an adult who resided with decedent Douglas B. Reynolds. The complaint alleges exposure to toxins while working for the railroad caused or contributed to Douglas B. Reynolds' death. Douglas B. Reynolds died on December 29, 2016. ([Filing No. 1](#) at CM/ECF p. 4, [Filing No. 20](#), at CM/ECF p. 14).

The caption of the complaint identifies Suzanne S. Reynolds as the Personal Representative of the Estate of Douglas B. Reynolds. (Filing No. 1). This representation was then, and remains, untrue. The information of record establishes that Suzanne S. Reynolds did not file an application to be appointed as a personal representative until May 8, 2019, over eight months after this lawsuit was filed. (Filing No. 20, at CM/ECF pp. 4, 14-16).

On March 27, 2019, the parties notified the court that a personal representative had not been appointed to pursue the above-captioned lawsuit, along with several other toxic fume cases filed against UPRR by Plaintiff's

counsel. Byrd v. Union Pacific Railroad Co., 8:18cv36, (Filing No. 34-1).[1] After affording Plaintiff's counsel four weeks to respond to UPRR's capacity objection by obtaining a personal representative for all previously filed cases, the undersigned judge entered an order on April 25, 2019 stating that as to all such lawsuits, "if letters of personal representation have not already been produced, the letters shall be produced to Defendant by May 16, 2019." Byrd v. Union Pacific Railroad Co., 8:18cv36, (Filing No. 34).

Plaintiff's counsel did not comply with this order. Instead, he produced a notice stating Suzanne S. Reynolds filed an Application for appointment of a personal representative on May 8, 2019. As of May 22, 2019, Plaintiff's counsel had not produced a copy of any order appointing a personal representative for the Douglas B. Reynolds estate or any letters of administration.

UPRR moved for sanctions, requesting dismissal of this case. (Filing No. 19). UPRR argues that absent appointment of a personal representative to litigate the Plaintiff decedent's claim, no lawsuit exists. As such, Defendant argues it should not be required to invest time and resources into this litigation.

Citing MO, KS, & TX. Ry. Co. v. Wulf, 226 U.S. 570 (1913), Plaintiff's counsel argues a decedent can pursue a FELA action prior to formal appointment of a personal representative; that "the district court may allow the amendment of the Complaint to allow the claim to proceed with the Plaintiff as the representative of the estate and that amendment relates back to the original filing." (Filing No. 22, at CM/ECF p. 3). Plaintiff's counsel states that "if leave is

---

[1] The undersigned magistrate judge currently manages over seventy toxic tort actions filed against UPRR by Plaintiff's counsel, with some orders entered in Byrd v. Union Pacific Railroad Co., 8:18cv36 applicable to all such cases.

granted, and a reasonable time allowed," he will further pursue obtaining the appointment of Suzanne S. Reynolds as representative of Douglas B. Reynolds' estate. (Filing No. 22, at CM/ECF p. 4).

Citing American R. Co. of Porto Rico v. Birch, 224 U.S. 547 (1912), Wulf also specifically held that under the FELA, a "plaintiff could not, although sole beneficiary, maintain the action except as personal representative." Wulf, 226 U.S. at 576. See Birch, 224 U.S. at 558 ("The national act gives the right of action to personal representatives only." (emphasis supplied)). Moreover, on April 19, 2019, before Plaintiff's counsel filed his brief on the pending motion, Judge Gerrard entered an order in another case handled by Plaintiff's counsel, Bettisworth v. BNSF, 8:17cv491, (Filing No. 29). In Bettisworth, BNSF moved to dismiss Plaintiff's complaint for lack of standing, arguing the action could not be pursued by a decedent railroad employee absent appointment of a personal representative. Judge Gerrard held that FELA actions by deceased railroad employees must be litigated through a personal representative. As Judge Gerrard explained, under the language of the FELA, a railroad employee, or "in case of the death of such employee, . . . his or her personal representative," may seek damages for injuries incurred during the course and scope of railroad employment. 45 U.S.C.A. § 51. Judge Gerrard did not, however, dismiss the case. Instead, he explained:

> Rule 17(a)(3) precludes dismissal until after an objection and a reasonable time for substitution has been allowed. The plaintiff requested that he be given 90 days from the date of this Court's order to obtain appointment as the Personal Representative for the Estate of Cathy Jo Bettisworth and thereafter seek leave to file an amended complaint. Plaintiff's request is reasonable and will be granted.

Bettisworth v. BNSF, 8:17cv491, (Filing No. 29, at CM/ECF p. 4).

Unlike Bettisworth, UPRR is requesting dismissal as a sanction for failure to comply with a court order. On April 25, 2019, this court ordered Plaintiff's counsel to serve a letter of personal representation in this case by May 16, 2019. (Filing 17). The application for letters of personal representation was not filed until May 8, 2019. (Filing No. 20, at CM/ECF p. 14). Plaintiff's counsel has not explained the delay in filing an application for a personal representative appointment, and he has not complied with the court's April 25, 2019 order nor provided any explanation for his noncompliance. Rather, he argues that he will comply if afforded a reasonable amount of additional time.

In Bettisworth, Plaintiff's counsel stated 90 says was a reasonable amount of time to obtain the appointment of a personal representative. He requested and was granted 90 days. In this case, the court's order requiring service of a letter of personal representation was entered over two months ago, on April 25, 2019. (Filing 17). UPRR objected to Plaintiff's lack of standing over three months ago, with the parties first notifying the court that a personal representative had never been appointed in this case on March 27, 2019. (Filing 17-1). Under the facts presented, the court finds UPRR raised its objection to capacity over three months ago, and Plaintiff's counsel has already been afforded a reasonable time for substitution.

At the outset of this lawsuit, Plaintiff's counsel was fully aware that a personal representative was necessary. See e.g., Lafferty v. Union Pacific Railroad Co., Case No. 1:17 -cv-322-BLW (D. Idaho); Tindall v. Union Pacific Railroad Co., Case No. 1:17-cv-01221-JES-JEH (C.D. Ill.); Puffer v. Union Pacific Railroad Co., Case No. 1:17-cv-01222 (C.D.Ill.). And although Plaintiff's counsel argues that the lack of a personal representative will not impede the acquisition

of medical and other records to litigate this action, the court's records in other cases filed by Plaintiff's counsel contradict that statement. See <u>Bettisworth v. BNSF</u>, 8:17cv491, (Filing No. 23-1) (medical provider refused to honor requests for copies of records when accompanied by a medical release signed by a surviving spouse who was not appointed as a personal representative). See also, <u>Jones v. Union Pacific Railroad Co.</u>, 8:18cv178 (Filing No. 21-1, at CM/ECF p. 3). The lack of a personal representative raises unnecessary hurdles to the discovery process which, in turn, interferes with this court's orders for progression to trial.[2]

I have considered sanctions other than dismissal for Plaintiff's failure to comply with this court's order. UPRR's attorney fees in conducting discovery to ascertain Suzanne S. Reynolds' capacity to sue, and its fees in filing the motion herein, will be awarded. Additional sanctions have been considered because under the facts presented—filing a lawsuit without the capacity to do so, and then, without any explanation, failing to timely correct the plaintiff's filing status when ordered to do so—an award of attorney fees is insufficient to address the gravity of the conduct. But whether identified as a dismissal or not, other commonly considered sanctions, such as establishing certain adverse facts as

---

[2] The court notes that several hearings have already occurred in the UPRR cases filed by Plaintiff's counsel and managed by the undersigned magistrate judge regarding issues of failing, in whole or in part, to respond to the railroad's discovery. The undersigned magistrate judge has admonished Plaintiff's counsel to respond to discovery in a timely fashion; that considering the number of cases filed by Plaintiff's counsel, my progression orders set the necessary cadence for each individual case and for the totality of all such cases, with any delays posing a serious risk of disrupting the march to trial for all these cases. The court's ability to afford the just, timely and expeditious resolution of cases filed by Plaintiff's counsel depends on his capacity to handle the workload he has accepted and his ability to comply with federal and local discovery rules and this court's case progression orders.

5

true or certain claims dismissed would effectively result in dismissal of Plaintiff's case.

While dismissal is a harsh sanction, until a personal representative is appointed, the court, UPRR, and any provider of medical or other records are being asked to assume that Suzanne Reynolds has at least some interest in this litigation. The complaint does not explain her familial connection, if any, with Douglas B. Reynolds or state that she would be a beneficiary of his estate. Plaintiff's counsel filed this case over 10 months ago, and he has already been afforded over three months since UPRR objected to Suzanne Reynolds' capacity to sue and more than thirty days since the railroad filed a motion for sanctions. The time afforded counsel to rectify the capacity issue is more than sufficient. And in this case, the statute of limitations will not impose a bar to re-filing.[3]

IT THEREFORE HEREBY IS RECOMMENDED that Defendant's motion for the sanction of dismissal, ([Filing No. 19](#)), be granted, and that this case be dismissed without prejudice to re-filing if, and after, a personal representative is appointed for the estate of Douglas B. Reynolds.

Failure to object to the foregoing Findings and Recommendation prior to the deadline established by this court's local rules shall be deemed a waiver of any objection to dismissal of this case without prejudice.

---

[3] Plaintiff's counsel filed the same brief opposing the sanction of dismissal in Byrd v. Union Pacific Railroad Co., 8:18cv36; Reynolds v. Union Pacific Railroad Co., 8:18cv303; Edgett v. Union Pacific Railroad Co., 8:18cv407; Rhone v. Union Pacific Railroad Co., 8:18cv597, arguing that in each of these cases, Plaintiff's claims would be barred by the statute of limitations if the court ordered dismissal without prejudice. That assertion is simply wrong as applied to the decedent Douglas B. Reynolds. Any FELA claim by decedent Douglas B. Reynolds accrued upon his death on December 29, 2016, and can be filed within three years thereafter. 45 U.S.C. § 56.

IT IS ORDERED:

1) Defendant is awarded recovery of attorney fees and expenses incurred in performing discovery to determine whether Suzanne S. Reynolds has the capacity to sue, and for filing its motion for sanctions, ([Filing No. 19](Filing No. 19)).

2) On or before August 1, 2019, Defendant shall submit an itemized billing statement of its fees and expenses associated with the capacity to sue discovery and its motion for sanctions.[4]

3) Plaintiff's counsel shall respond to this itemization within ten days thereafter.

4) If the parties agree as to the amount to be awarded, on or before August 22, 2019, they shall file a joint stipulation for entry of an order awarding costs and fees to Defendant.

5) If the parties do not agree on the attorney fees and costs to be awarded, or if Plaintiff does not timely respond to the Defendant's itemization and demand, Defendant shall file a motion for assessment of attorney fees and costs by no later than September 3, 2019. This motion shall be submitted in accordance with the court's fee application guidelines outlined in Nebraska Civil Rules 54.3 and 54.4, but a supporting brief is not required.

6) If a motion for fees is required, the court may award Defendant up to an additional $750.00 to recover the cost of preparing its motion for assessment of fees.

July 9, 2019

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[4] Defendant submitted the same motion for sanctions, briefing and evidence for four cases. Defendant's itemization must not demand quadruple recovery; that is, it must not bill for the same fees in each case.