IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUZANNE S. REYNOLDS, Personal Representative for the Estate of Douglas B. Reynolds;<br><br>        Plaintiff,<br><br>   vs.<br><br>UNION PACIFIC RAILROAD COMPANY;<br><br>        Defendant. | 8:18CV303<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendant's motion for sanctions, Filing No. 19, and the findings and recommendation of the magistrate judge, Filing No. 26. This is an action brought under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., wherein plaintiff is bringing the claim on behalf of her now deceased husband, Douglas B. Reynolds. The complaint alleges exposure to toxins while working for the defendant railroad which allegedly caused or contributed to the death of Douglas B. Reynolds.

The magistrate judge determined that Suzanne Reynolds is not the personal representative of the Estate of Douglas B. Reynolds. She did not file an application to be appointed as personal representative until May 8, 2019. The magistrate judge gave Suzanne Reynolds four weeks to respond to the lack of capacity raised by the railroad, but she did not respond. On April 25, 2019, the magistrate judge entered an order stating: "if letters of personal representation have not already been produced, the letters shall be produced to Defendant by May 16, 2019." *Byrd v. Union Pacific Railroad Co.*, 8:18cv36, (Filing No. 34). Although plaintiff's counsel did not comply with this order, he did submit a notice showing that Suzanne Reynolds filed an application for appointment of a

1

personal representative on May 8, 2019. No order has been submitted to date appointing Suzanne Reynolds. Consequently, Union Pacific moved for sanctions and dismissal. Filing No. 19. The basis of the argument is that absent a personal representative, there is no lawsuit.

The Eighth Circuit has held that Rule 41(b) allows a district court to dismiss a case when a party fails to comply with a court order. Such dismissals are reviewed for an abuse of discretion. *Rodgers v. Curators of the Univ. of Mo.*, 135 F .3d 1216 (8th Cir. 1998). See also, *Good Stewardship Christian Ctr. v. Empire Bank*,341 F.3d 794,797 (8th Cir. 2003).

The Court agrees that this case must be litigated through a personal representative. See 45 U.S.C. § 51; *Bettisworth v. BNSF*, 8:17cv491 (April 19, 2019), Filing No. 29, CM/ECF p. 4 (plaintiff granted 90 days to obtain appointment as the personal representative). The magistrate judge distinguishes *Bettisworth* as it was not a sanction for failure to comply with a court order. The magistrate judge also stated that this case is different, as the railroad in this case raised the standing issue over three months prior to her ruling. Accordingly, she felt plaintiff had sufficient time to apply for appointment as the personal representative.

The magistrate judge recommended that dismissal without prejudice be granted, and she ordered that plaintiff pay attorney fees and expenses regarding their defense of this issue.[1] Filing No. 26. The magistrate judge gave plaintiff rule time to file any objection to her findings and recommendation. Plaintiff failed to so respond.

---

[1] Plaintiff agreed to pay the $40.00 in application for fees. Filing No. 28 and 29. The Court will grant the $40.00 in sanctions and determines that this $40.00 covers all attorney fees and costs incurred by the defendant. No additional costs or fees will be assessed against the plaintiff for the defendant's defense of this issue.

The Court finds that plaintiff was given ample time to file for the appropriate appointment papers. The Court further finds that the magistrate judge gave deadlines to the plaintiff for such compliance. The plaintiff failed to comply with the court orders or to otherwise respond to the orders. Accordingly, the Court agrees that dismissal without prejudice is an appropriate sanction in this case.

THEREFORE, IT IS ORDERED THAT:

1. Defendant's motion for sanctions and dismissal without prejudice, Filing No. 19, is granted. This case is dismissed without prejudice. The defendant is entitled to receipt of $40.00 for expenses and attorney fees as a sanction in this case, and no additional costs or fees will be assessed against the plaintiff for the defendant's defense of this issue.
2. The findings and recommendation of the magistrate judge, Filing No. 26, is adopted in its entirety.
3. A separate judgment will be entered in accordance with this memorandum and order.

Dated this 7th day of October, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge